UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:03-CR-35 |
| | ) | |
| MYOKA INGRAM | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on January 31, 2005, at which time it was admitted by the defendant that she has violated the conditions of her second term of supervised release by having a positive screen for cocaine on September 10, 2004; by quitting her job on December 1, 2004 at McDonald's and failing to report this to her probation officer; by her conviction on December 5, 2004 for Criminal Trespass in Johnson City, Tennessee; by being issued a citation for Possession of Drug Equipment and Marijuana in Johnson City, Tennessee on December 24, 2004 and failing to report this citation; by her failure to appear in General Sessions Court in Johnson City, Tennessee on December 28, 2004; and by failing to report for urine screens as directed on September 13, 2004, November 22. 2004, December 10, 2004, December 14, 2004, December 17, 2004 and December 30, 2004.

It is also undisputed that the defendant's violation guideline range is now five (5) months to eleven (11) months. However, her statutory maximum is nineteen (19) months.

The Court has carefully considered the policy statements of Chapter 7 of the <u>United States Sentencing Commission Guidelines</u> which reflect a revocation range of seven (7) to thirteen (13) months. Because the policy statements of Chapter 7 of the U.S.S.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West*, 59 F.3d 32 (6th Cir. l995).

Based upon the defendant's numerous grade C violations which were admitted by the defendant, based upon the fact that this is her second revocation hearing, and based upon the defendant's obvious serious need for intensive drug treatment, the Court does not find that in the interests of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Therefore, the Court finds that the defendant has violated the terms of her supervised release, and accordingly, it is hereby **ORDERED** that her supervised release is **REVOKED**, and she is sentenced to serve a term of nineteen (19) months imprisonment. It is also hereby **ORDERED** that the defendant's term of imprisonment will not be followed by an additional term of supervised release.

In the interest of a meaningful rehabilitation of the defendant, the Court

**STRONGLY RECOMMENDS** that the defendant receive 500 hours of substance abuse treatment in the Bureau of Prisons Residential Intensive Drug Treatment Program. It is also hereby **RECOMMMEDED** that the defendant be designated to the federal facility at Alderson, West Virginia. The defendant is **REMANDED** to the custody of the United States Marshal.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE